FILED

2015 NOV 20 AM 10: 46

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

June 2014 Grand Jury

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DAVID STROJ (1),
  aka "Fat Dave,"
MATTHEW GREENWOOD (2),
JEFFREY BROADT (3),
JEFFREY STOFF (4),
ARTURO DIAZ-RAMIREZ (5),
JAIME BEHAR (6),
ROBERT STROJ (7),
CRAIG KOLK (8),
JEAN PAUL ROJO (9),
JOSHUA JONES (10),
RICARDO CASTELLANOS-VELASQUEZ (11),
ALEXANDRA KANE (12),
BRYAN SIBBACH (13),
JOSEPH PALERMO (14),
THOMAS MALLOZZI (15),
  aka "Tommy Ty,"
STEPHEN BEDNAR (16),
  aka "Stevie T,"
CHRISTOPHER PARSONS (17),
JEFFREY MOHR (18),
KYLE ALLEN (19),
MICHAEL HIPPLE (20),
DUY TRANG (21),
ALFREDO BARBA (22),
ALI LAREYBI (23),
  aka "Alex,"

Case No. '15 CR 2932 GPC

I N D I C T M E N T

Title 18, U.S.C., Sec. 1955 – Illegal Gambling Business; Title 18, U.S.C., Sec. 1956(h) – Conspiracy to Launder Monetary Instruments; Title 31, U.S.C., Secs. 5318(h)(1) and 5322(a), and Title 31, C.F.R., Sec. 1021.210(a) – Failure to Maintain Anti-Money Laundering Program; Title 18, U.S.C., Sec. 2421 – Transportation for Prostitution; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 18, U.S.C., Secs. 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), 1955(d), 2428(b), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture

JCM:nlv(1):San Diego:11/19/15

```
 1 | NASEEM SALEM (24),
   |   aka "Nick,"
 2 | PALOMAR CARD CLUB (25),
   | HARVEY SOUZA (26),
 3 | VC CARDROOM, Inc. (27),
   |   dba "Seven Mile Casino,"
 4 |   fka "Village Card Club,"
 5 |
   |             Defendants.
 6 |
```

7  The grand jury charges:

8  <u>Count 1</u>

9  (Illegal Bookmaking Business)

10  From at least in or about 2013, up to and including, in or about November 18, 2015, within the Southern District of California and elsewhere, defendants DAVID STROJ, aka "Fat Dave," MATTHEW GREENWOOD, JEFFREY BROADT, JEFFREY STOFF, ARTURO DIAZ-RAMIREZ, JAIME BEHAR, ROBERT STROJ, CRAIG KOLK, JEAN PAUL ROJO, JOSHUA JONES, RICARDO CASTELLANOS-VELASQUEZ, ALEXANDRA KANE, BRYAN SIBBACH, JOSEPH PALERMO, THOMAS MALLOZZI, aka "Tommy Ty," STEPHEN BEDNAR, aka "Stevie T," CHRISTOPHER PARSONS, JEFFREY MOHR, KYLE ALLEN, and MICHAEL HIPPLE, knowingly and willfully, did conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, as that term is defined in Title 18, United States Code, Section 1955(b)(1), (2), and (3), to wit a bookmaking business that violated California Penal Code, Section 337(a), which involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of said illegal gambling business, and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000.00 in any single day; in violation of Title 18, United States Code, Sections 1955 and 2.

28  //

Count 2

(Illegal Poker and Blackjack Business)

From at least in or about 2013, up to and including, in or about November 18, 2015, within the Southern District of California and elsewhere, defendants DAVID STROJ, aka "Fat Dave," JEFFREY STOFF, ARTURO DIAZ-RAMIREZ, JAIME BEHAR, DUY TRANG, and ALFREDO BARBA, knowingly and willfully, did conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, as that term is defined in Title 18, United States Code, Section 1955(b)(1), (2), and (3), to wit, an illegal poker and blackjack business that violated California Penal Code, Sections 330 and 337j, which involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of said illegal gambling business, and which remained in substantially continuous operation for a period in excess of thirty days and had a gross revenue of $2,000.00 in any single day; in violation of Title 18, United States Code, Sections 1955 and 2.

Count 3

(Money Laundering Conspiracy)

From at least in or about 2013, up to and including, in or about October 15, 2015, within the Southern District of California and elsewhere, defendants DAVID STROJ, aka "Fat Dave," MATTHEW GREENWOOD, JEFFREY BROADT, JEFFREY STOFF, ARTURO DIAZ-RAMIREZ, JAIME BEHAR, ROBERT STROJ, CRAIG KOLK, JEAN PAUL ROJO, RICARDO CASTELLANOS-VELASQUEZ, ALEXANDRA KANE, BRYAN SIBBACH, JOSEPH PALERMO, CHRISTOPHER PARSONS, JEFFREY MOHR, DUY TRANG, ALI LAREYBI, aka "Alex," NASEEM SALEM, aka "Nick," and PALOMAR CARD CLUB, did knowingly and intentionally conspire with each other and with others known and

3

unknown to the grand jury, to conduct financial transactions affecting interstate and foreign commerce which involved the proceeds of specified unlawful activity, that is, an illegal bookmaking business and an illegal poker and blackjack business, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed, in whole or part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, and to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (ii).

All in violation of Title 18, United States Code, Section 1956(h).

### Count 4

(Failure to Maintain a Reasonably Designed
Anti-Money Laundering Program)

From in or about 2012, and continuing until in or about November 18, 2015, within the Southern District of California and elsewhere, the defendants HARVEY SOUZA and VC CARDROOM, Inc., dba "Seven Mile Casino," fka "Village Card Club," together with others, did willfully violate the Bank Secrecy Act ("BSA"), Title 31, United States Code, Sections 5318(h) and 5322, and regulations issued thereunder, specifically, Title 31, Code of Federal Regulations, Section 1021.210(a) (formerly 103.120(d)), by failing to develop, implement and maintain an anti-money laundering program reasonably designed to comply with Title 31, Chapter 53, Subchapter II, and regulations issued thereunder, at VC CARDROOM, Inc., dba "Seven Mile Casino," fka "Village Card Club," a domestic financial institution pursuant to Title 31, United States Code, Section 5312(a)(2)(X).

Specifically, the defendants HARVEY SOUZA and VC CARDROOM, Inc., dba "Seven Mile Casino," fka "Village Card Club," knowingly and willfully failed to implement and maintain reasonably designed policies, procedures and internal controls for: (1) verifying customer identification, in particular as to those customers who received in excess of $10,000 in currency in a single day as required by the BSA; (2) filing accurate and truthful Currency Transaction Reports ("CTRs") for currency transactions in excess of $10,000, conducted by or on behalf of the same person or entity on the same day; (3) assuring that CTRs were properly filed; and (4) providing adequate education and/or training of appropriate personnel concerning their responsibilities under the anti-money laundering program.

All in violation of Title 31, United States Code, Sections 5318(h)(1) and 5322(a); Title 31, Code of Federal Regulations, Section 1021.210(a); and Title 18, United States Code, Section 2.

## Count 5

(Failure to Maintain a Reasonably Designed
Anti-Money Laundering Program)

From in or about 2012, and continuing until in or about November 18, 2015, within the Southern District of California and elsewhere, the defendants NASEEM SALEM, aka "Nick," and PALOMAR CARD CLUB, together with others, did willfully violate the Bank Secrecy Act, Title 31, United States Code, Sections 5318(h) and 5322, and regulations issued thereunder, specifically, Title 31, Code of Federal Regulations, Section 1021.210(a) (formerly 103.120(d)), by failing to develop, implement and maintain an anti-money laundering program reasonably designed to comply with Title 31, Chapter 53, Subchapter II, and regulations issued thereunder, at PALOMAR CARD

CLUB, a domestic financial institution pursuant to Title 31, United States Code, Section 5312(a)(2)(X).

Specifically, the defendants NASEEM SALEM, aka "Nick," and PALOMAR CARD CLUB, knowingly and willfully failed to implement and maintain reasonably designed policies, procedures and internal controls for: (1) verifying customer identification, in particular as to those customers who received in excess of $10,000 in currency in a single day as required by the BSA; (2) filing accurate and truthful CTRs for currency transactions in excess of $10,000, conducted by or on behalf of the same person or entity on the same day; (3) assuring that CTRs were properly filed; and (4) providing adequate education and/or training of appropriate personnel concerning their responsibilities under the anti-money laundering program.
All in violation of Title 31, United States Code, Sections 5318(h)(1) and 5322(a); Title 31, Code of Federal Regulations, Section 1021.210(a); and Title 18, United States Code, Section 2.

### Count 6

(Transporting Individual to Engage in Prostitution)

On or about August 22, 2014, defendants DAVID STROJ, aka "Fat Dave," and JEFFREY BROADT, within the Southern District of California and elsewhere, knowingly transported I.B-M, in interstate and foreign commerce, from Mexico to California and Nevada, with intent that I.B-M engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and aided and abetted such conduct; in violation of Title 18, United States Code, Sections 2421 and 2.

//
//
//

## Count 7

(Transporting Individual to Engage in Prostitution)

On or about October 30, 2014, defendants DAVID STROJ, aka "Fat Dave," and JEFFREY BROADT, within the Southern District of California and elsewhere, knowingly transported M.R, in interstate and foreign commerce, from Mexico to California, with intent that M.R engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and aided and abetted such conduct; in violation of Title 18, United States Code, Sections 2421 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 3, and Counts 6 and 7 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), 1955(d), and 2428(b), and Title 28, United States Code, Section 2461(c).

2. As a result of the commission of the offenses alleged in Counts 1 and 2 of this indictment, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d), and Title 28, United States Code, Section 2461(c), defendants DAVID STROJ, aka "Fat Dave," MATTHEW GREENWOOD, JEFFREY BROADT, JEFFREY STOFF, ARTURO DIAZ-RAMIREZ, JAIME BEHAR, ROBERT STROJ, CRAIG KOLK, JEAN PAUL ROJO, JOSHUA JONES, RICARDO CASTELLANOS-VELASQUEZ, ALEXANDRA KANE, BRYAN SIBBACH, JOSEPH PALERMO, THOMAS MALLOZZI, aka "Tommy Ty," STEPHEN BEDNAR, aka "Stevie T," CHRISTOPHER PARSONS, JEFFREY MOHR, KYLE ALLEN, MICHAEL HIPPLE, DUY TRANG, ALFREDO BARBA, shall, upon conviction, forfeit to the United States all their rights, title and interest in any and all property, real and personal, constituting, or derived from, any proceeds

7

traceable to the violations, and any and all property, including money, used in the commission of the violations alleged in Counts 1 and 2 of this indictment. The property to be forfeited includes, but is not limited to:

  a. Wells Fargo Bank account number 1951697901 in the name David Stroj, which was opened by defendant DAVID STROJ;

  b. Bank of America account number 001053902131 in the name Jeffrey Stoff and Carolyn Stevens, which was opened by defendant JEFFREY STOFF;

  c. Wells Fargo Bank account number 9246313820 in the name Craig Kolk and Marcela Badin, which was opened by defendant CRAIG KOLK;

  d. Bank of America account number 001647042977 in the name Craig Kolk, which was opened by defendant CRAIG KOLK;

  e. Wells Fargo Bank account number 5969471134 in the name Maxica Financial dba Jacques Rojo, which defendant JEAN PAUL ROJO is a beneficial owner;

  f. Bank of America account number 325041976153 in the name Robert Stroj, which was opened by defendant ROBERT STROJ;

  g. Wells Fargo account number 5207497164 in the name Robert Stroj and Jaime Stroj, which was opened by defendant ROBERT STROJ;

  h. U.S. Bank account number 196470730132 in the name of Matthew P. Greenwood, which was opened by defendant MATTHEW GREENWOOD;

  i. Bank of America account number 325038032961 in the name of Arturo U. Diaz, which was opened by defendant ARTURO DIAZ;

     j.    Bank of America account number 1789666466 held in the name of Michael F. Hipple, which was opened by defendant MICHAEL HIPPLE;

     k.    Wells Fargo Bank account number 6358884432 held in the name of Berenice G. Lopez Melesio aka Gabriela Stroj, which defendant DAVID STROJ is a beneficial owner;

     l.    Palomar Card Club Player's Bank account held at Neighborhood National Bank account number 0400007183, and held in the name of Nasem "Nick" Salem, Donald Staats and Susan Staats;

     m.    Palomar Card Club Business Marker Bank account held at Neighborhood National Bank account number 0400002739 and held in the name of Naseem "Nick" Salem Donald Staats and Susan Staats;

     n.    MATTHEW GREENWOOD's Player Bank account number P00044 held at Palomar Card Club;

     o.    MATTHEW GREENWOOD's Player Bank account number P000010611 held at Village Club;

     p.    JEFFREY STOFF's Player Bank account number P00136 held at Palomar Card Club;

     q.    ARTURO DIAZ's Player Bank account number P000009841 held at Village Club;

     r.    ARTURO DIAZ's Player Bank account number P00028 held at Palomar Card Club;

     s.    DAVID STROJ's Player Bank account number P00108 held at Palomar Card Club;

     t.    DAVID STROJ's Player Bank account number P000010416 held at Village Club;

     u.    NASEEM SALEM's Player Bank account number P00098 held at Palomar Card Club;

1    v.  $60,308.64 that was seized on October 29, 2014 from Wells Fargo Bank account number 1951697901 belonging to DAVID STROJ;

   w.  $61,501.00 that was seized on October 29, 2014 from a safe located at DAVID STROJ's residence;

   x.  a 2008 Dodge Viper, VIN 1B3JZ65Z58V201042, registered to David Stroj that was seized on October 29, 2014 from DAVID STROJ;

   y.  $4,776.00 that was seized on October 29, 2014 from MATTHEW GREENWOOD at his residence, located at 6408 La Jolla Scenic Drive, La Jolla, California, CA 92037;

   z.  $8,555.00 that was seized on October 29, 2014 from JOSHUA JONES at MATTHEW GREENWOOD'S residence;

   aa.  a 2008 Chrysler 300 LX, VIN: 2C3KA43R88H298316, CA LP#6FBY827, currently registered to: Robert Stroj, 4 Pomegranate Street, Ladera Ranch, CA 92694, which was purchased by defendant ROBERT STROJ in or about 2012;

   bb.  a 2008 Land Rover, VIN: SALME154X8A293652, CA LP#6PIP655, currently registered to: Alexandra Kane, 811 S. Bedford St., Apt 205, Los Angeles, CA; which was purchased by defendant ALEXANDRA KANE in or about 2011;

   cc.  the real property located at 4 Pomegranate Street, Ladera Ranch, CA 92694. Legal description: Lot 20 of Tract No. 16117, as shown on a Subdivision Map filed on December 26, 2001, in Book 826, at Pages 1 to 3, inclusive, of Miscellaneous Maps, in the Office of the Orange County Recorder (APN: 741-091-21);

   dd.  the real property located at 801 North Valley View Drive, Chula Vista, CA 91914. Legal description: Lot 10 of Chula Vista Tract No. 92-02 Salt Creek Ranch Neighborhood 6 Unit No. 9, in the City of Chula Vista, County of San Diego, State of California,

10

1  according to Map thereof no. 13697, filed in the office of the County
2  Recorder of San Diego County on December 3, 1998 (APN: 595-661-62-00);
3         ee.  the real property located at 145 Penn Forrest Drive,
4  Albrightsville, PA 18210. Legal description: The land hereinafter
5  referred to is situated in the City of Albrightsville, County of
6  Carbon, State of PA, and is described as follows: All that certain
7  piece, parcel and tract of land situated in the Township of Penn
8  Forest, County of Carbon, and Commonwealth of Pennsylvania, and
9  described as Lot 2012 in Section IV, Towamensing Trails, on a
10 Subdivision Plan recorded in the Recorder of Deeds Office in and for
11 Carbon County, Pennsylvania on October 17, 1974 in Map Book Volume 1,
12 Page 233  (APN: 22A-51-D2012);
13        ff.  the real property located at 160 N. 7th Street,
14 Lehighton, PA 18235.  Legal description:  The land hereinafter
15 referred to is situated in the City of Lehighton, County of Carbon,
16 State of PA, and is described as follows: All those certain four (4)
17 contiguous lots or pieces of land situate in the Borough of Lehighton,
18 Carbon County, Pennsylvania. Being situate on the West side of Seventh
19 Street and numbered in the plan or plot of Lehighton improvement
20 Company made by Wesley Boyer, C.B., as Lot Nos. 121, 122, 123, and
21 124. Being bounded and described as follows: Beginning (and describing
22 all of the said Lots as a Unit) at a point in the property line of
23 Seventh Street distant two hundred seventy-eight (278) feet from the
24 center line of Cypress Street. Thence, from said point and extending
25 Southwardly a distance of Eighty (80) feet along Seventh Street,
26 aforesaid, to a point; thence, extending Westwardly in length or depth
27 of that same width, between parallel lines at right angles to the said
28 Seventh Street, a distance of one hundred eighty-nine and seventy-five

one-hundredths (189.75) feet to an alley. Containing 15,180 square feet of land, altogether. Bounded on the North by Lot No. 120; on the East by Seventh Street; on the South by Lot No. 125 and on the West by said alley (APN: 84A5-29-F4).

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants —

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the said property(ies) listed above as being subject to forfeiture.

All in violation of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 1955(d), and 2428(b), and Title 28, United States Code, Section 2461(c).

4. As a result of the commission of the offense alleged in Count 3 of this indictment, pursuant to Title 18, United States Code, Sections 982(a)(1), defendants DAVID STROJ, aka "Fat Dave," JEFFREY BROADT, ROBERT STROJ, MATTHEW GREENWOOD, CRAIG KOLK, JEFFREY STOFF, ALI LAREYBI, aka "Alex," JAIME BEHAR, ARTURO DIAZ-RAMIREZ, JEAN PAUL ROJO, RICARDO CASTELLANOS-VELASQUEZ, ALEXANDRA KANE, BRYAN SIBBACH,

1  JOSEPH PALERMO, CHRISTOPHER PARSONS, JEFFREY MOHR, DUY TRANG, NASEEM
2  SALEM, aka "Nick," and PALOMAR CARD CLUB, shall, upon conviction,
3  forfeit to the United States all their rights, title and interest in
4  any and all property, real and personal, involved in such offense and
5  any property traceable to such property. The property to be forfeited
6  includes, but is not limited to:

7      a.    Wells Fargo Bank account number 1951697901 in the name
8  David Stroj, which was opened by defendant DAVID STROJ;

9      b.    Bank of America account number 001053902131 in the name
10 Jeffrey Stoff and Carolyn Stevens, which was opened by defendant
11 JEFFREY STOFF;

12     c.    Wells Fargo Bank account number 9246313820 in the name
13 Craig Kolk and Marcela Badin, which was opened by defendant CRAIG
14 KOLK;

15     d.    Bank of America account number 001647042977 in the name
16 Craig Kolk, which was opened by defendant CRAIG KOLK;

17     e.    Wells Fargo Bank account number 5969471134 in the name
18 Maxica Financial dba Jacques Rojo, which defendant JEAN PAUL ROJO is a
19 beneficial owner;

20     f.    Bank of America account number 325041976153 in the name
21 Robert Stroj, which was opened by defendant ROBERT STROJ;

22     g.    Wells Fargo account number 5207497164 in the name
23 Robert Stroj and Jamie Stroj, which was opened by defendant ROBERT
24 STROJ;

25     h.    U.S. Bank account number 196470730132 in the name of
26 Matthew P. Greenwood, which was opened by defendant MATTHEW GREENWOOD;

27     i.    Bank of America account number 325038032961 in the name
28 of Arturo U. Diaz, which was opened by defendant ARTURO DIAZ;

  j. Wells Fargo Bank account number 6358884432 held in the name of Berenice G. Lopez Melesio aka Gabriela Stroj, which defendant DAVID STROJ is a beneficial owner;

  k. Palomar Card Club Player's Bank account held at Neighborhood National Bank account number 0400007183 and held in the name of Naseem "Nick" Salem, Donald Staats and Susan Staats;

  l. Palomar Card Club Business Marker Bank account held at Neighborhood National Bank account number 0400002739 and held in the name of Naseem "Nick" Salem, Donald Staats and Susan Staats;

  m. MATTHEW GREENWOOD's Player Bank account number P00044 held at Palomar Card Club;

  n. MATTHEW GREENWOOD's Player Bank account number P000010611 held at Village Club;

  o. JEFFREY STOFF's Player Bank account number P00136 held at Palomar Card Club;

  p. ARTURO DIAZ's Player Bank account number P000009841 held at Village Club;

  q. ARTURO DIAZ's Player Bank account number P00028 held at Palomar Card Club;

  r. DAVID STROJ's Player Bank account number P00108 held at Palomar Card Club;

  s. DAVID STROJ's Player Bank account number P000010416 held at Village Club;

  t. NASEEM SALEM's Player Bank account number P00098 held at Palomar Card Club;

  u. $60,308.64 that was seized on October 29, 2014 from Wells Fargo Bank account number 1951697901 belonging to DAVID STROJ;

1    v.    $61,501.00 that was seized on October 29, 2014 from a safe located at DAVID STROJ's residence;

w.    a 2008 Dodge Viper, VIN 1B3JZ65Z58V201042, registered to David Stroj that was seized on October 29, 2014 from DAVID STROJ;

x.    $4,776.00 that was seized on October 29, 2014 from MATTHEW GREENWOOD at his residence, located at 6408 La Jolla Scenic Drive, La Jolla, California, CA 92037;

y.    a 2008 Chrysler 300 LX, VIN: 2C3KA43R88H298316, CA LP#6FBY827, currently registered to: Robert Stroj, 4 Pomegranate Street, Ladera Ranch, CA 92694, which was purchased by defendant ROBERT STROJ in or about 2012; and

z.    a 2008 Land Rover, VIN: SALME154X8A293652, CA LP#6PIP655, currently registered to: Alexandra Kane, 811 S. Bedford St., Apt. 205, Los Angeles, CA; which was purchased by defendant ALEXANDRA KANE in or about 2011;

aa.    the real property located at 4 Pomegranate Street, Ladera Ranch, CA 92694. Legal description: Lot 20 of Tract No. 16117, as shown on a Subdivision Map filed on December 26, 2001, in Book 826, at Pages 1 to 3, inclusive, of Miscellaneous Maps, in the Office of the Orange County Recorder (APN: 741-091-21);

bb.    the real property located at 801 North Valley View Drive, Chula Vista, CA 91914. Legal description: Lot 10 of Chula Vista Tract No. 92-02 Salt Creek Ranch Neighborhood 6 Unit No. 9, in the City of Chula Vista, County of San Diego, State of California, according to Map thereof no. 13697, filed in the office of the County Recorder of San Diego County on December 3, 1998 (APN: 595-661-62-00);

cc.    the real property located at 145 Penn Forrest Drive, Albrightsville, PA 18210. Legal description: The land hereinafter

15

1 | referred to is situated in the City of Albrightsville, County of
2 | Carbon, State of PA, and is described as follows:  All that certain
3 | piece, parcel and tract of land situated in the Township of Penn
4 | Forest, County of Carbon, and Commonwealth of Pennsylvania, and
5 | described as Lot 2012 in Section IV, Towamensing Trails, on a
6 | Subdivision Plan recorded in the Recorder of Deeds Office in and for
7 | Carbon County, Pennsylvania on October 17, 1974 in Map Book Volume 1,
8 | Page 233  (APN: 22A-51-D2012); and

9 |             dd. the real property located at 160 N. 7th Street,
10 | Lehighton, PA 18235.  Legal description:  The land hereinafter
11 | referred to is situated in the City of Lehighton, County of Carbon,
12 | State of PA, and is described as follows: All those certain four (4)
13 | contiguous lots or pieces of land situate in the Borough of Lehighton,
14 | Carbon County, Pennsylvania. Being situate on the West side of Seventh
15 | Street and numbered in the plan or plot of Lehighton improvement
16 | Company made by Wesley Boyer, C.B., as Lot Nos. 121, 122, 123, and
17 | 124. Being bounded and described as follows: Beginning (and describing
18 | all of the said Lots as a Unit) at a point in the property line of
19 | Seventh Street distant two hundred seventy-eight (278) feet from the
20 | center line of Cypress Street. Thence, from said point and extending
21 | Southwardly a distance of Eighty (80) feet along Seventh Street,
22 | aforesaid, to a point; thence, extending Westwardly in length or depth
23 | of that same width, between parallel lines at right angles to the said
24 | Seventh Street, a distance of one hundred eighty-nine and seventy-five
25 | one-hundredths (189.75) feet to an alley. Containing 15,180 square
26 | feet of land, altogether. Bounded on the North by Lot No. 120; on the
27 | East by Seventh Street; on the South by Lot No. 125 and on the West by
28 | said alley (APN: 84A5-29-F4).

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants -
   (a) cannot be located upon the exercise of due diligence;
   (b) has been transferred or sold to, or deposited with, a third party;
   (c) has been placed beyond the jurisdiction of the Court;
   (d) has been substantially diminished in value; or
   (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the said property(ies) listed above as being subject to forfeiture.

6. As a result of the commission of the offense alleged in Counts 6 and 7 of this indictment, pursuant to Title 18, United States Code, Section 2428, defendants DAVID STROJ, aka "Fat Dave," and JEFFREY BROADT shall forfeit to the United States any property, real and personal, used or intended to be used to commit or to facilitate the commission of the violation, and any property, real and personal, constituting or derived from proceeds obtained, directly and indirectly, as result of the violation.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants -
   (a) cannot be located upon the exercise of due diligence;

17

(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 2428(b), to seek forfeiture of any other property of the defendants up to the value of the said property(ies) listed above as being subject to forfeiture.

All Pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), 1955(d), 2428(b), and Title 28, United States Code, Section 2461(c).

DATED: November 19, 2015.

A TRUE BILL:

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
JOSHUA C. MELLOR
Assistant U.S. Attorney