LAURA E. DUFFY
United States Attorney
RYAN A. SAUSEDO
Assistant U.S. Attorney
California Bar No. 264075
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 546-9689
ryan.sausedo@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DAVID STROJ, et. al., <br><br> Defendants. | Case No. 15cr2932-H <br><br> UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION: <br><br> (1) TO COMPEL DISCOVERY; <br><br> TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES <br><br> DATE:  April 18, 2016 <br> TIME:  2:00 pm |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Ryan A. Sausedo, Assistant U.S. Attorney, hereby files its response and opposition to the defendants' motion to compel discovery. Said motion was filed as Docket No. 383 by defendants Matthew Greenwood [2] and Joshua Jones [10]. This response and opposition is based upon the files and records of this case, together with the attached statement of facts and memorandum of points and authorities, and

incorporates by reference the Government's Motion for Protective Order, filed as Docket No. 328.

# I

# **INTRODUCTION**

On March 25, 2016, defendants Matthew Greenwood [2] and Joshua Jones [10] (collectively referred to hereinafter as "the defendants") sought an order from the Court seeking (1) discovery and (2) the wiretap line sheets, without signing the protective order and wiretap line sheet stipulation.[1] The defendants argue that the protective order is a prior restraint on free speech and that the wiretap line sheet stipulation violates Rule 16 and the Constitution. For the reasons set forth below, both claims are without merit; and thus, the United States respectfully seeks a protective order in order to ensure discovery is provided to all defense counsel in an organized, secure, and efficient manner.

# II

# **BACKGROUND**

On November 19, 2015, twenty-five individuals and two business entities were indicted by a federal grand jury on various charges related to illegal gambling, money laundering, and prostitution. The discovery received by the other twenty-five defendants includes: thousands of intercepted wire and electronic communications, the applications, affidavits and court orders related to those interceptions; reports regarding undercover activities; reports regarding confidential sources; grand jury testimony; numerous financial documents that were obtained by grand jury subpoenas and search warrants; reports regarding individuals and businesses that have not yet been charged; and reports related

---

[1] This discovery-related issue is before the Court because the defendants have refused to sign a protective order for the discovery and the wiretap stipulation regarding the use of the line sheets. All other defendants, twenty-five to be exact, have signed the protective order and stipulation and have been provided with several batches of discovery.

to investigations in other jurisdictions. As set forth in the Government's Motion for Protective Order [Docket No. 328], the United States argues that protective orders are well-settled in Rule 16 jurisprudence and is necessary in the instant matter in order to ensure that confidential and sensitive information not be disclosed, except pursuant to the protective order. And regarding the line sheet stipulation, there is no legal authority to support the defendants' position and, in fact, it's to the contrary, the wiretap line sheets constitute classic Government employee work-product specifically exempted from disclosure under Fed. R. Crim. P. 16(a)(2).

### III

### MEMORANDUM OF POINTS AND AUTHORITIES

#### A. PROTECTIVE ORDER

It is well-settled that there is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). A defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the Government. *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). Thus, to obtain court-ordered discovery of material within the Government's possession, the defendants ordinarily need to show that the requested material meets the requirements for disclosure under one or more of the following: Fed. R. Crim. P. 16(a)(1) and 26.2; *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act (18 U.S.C. § 3500).

The United States respectfully seeks issuance of a protective order. It is well-established that Rule 16(d)(1) authorizes district courts to regulate discovery through protective orders. Here, given the many reasons and "good cause" that supports the issuance of a protective order (e.g., disrupting ongoing criminal investigations, the release of financial information of individuals not charged, as well as disclosure of undercover activities, confidential sources, and

those who have cooperated with law enforcement) combined with the fact that it is explicitly authorized in the Federal Rules of Criminal Procedure belies the defendants' claim that it runs afoul of the First Amendment. Fed. R. Crim. P. 16(d)(1).

Defendants' arguments to the contrary are unavailing. Defendants' rely heavily upon *United States v. Bulger*, 283 F.R.D. 46 (Mass. Dist. Ct. 2012), a case that held the Government failed to justify the *continued* need of the protective order, as it was nearly 10 months after the issuance of the protective order that Bulger sought to amend it. Implicit in the court's finding is that protective orders are generally viewed as appropriate, they are explicitly authorized under the Federal Rules of Criminal Procedures, and, on occasion, necessary in order to promote efficient and secure discovery channels – precisely the situation here. For the reasons stated above, as well as the significant concerns addressed in the Government's Motion for Protective Order [Docket No. 328], we respectfully ask the Court to grant the protective order.

### B. **WIRETAP LINE SHEET STIPULATION**

There is no legal authority to support the defendants' position that the wiretap line sheets are subject to production. To the contrary, the line sheets constitute classic Government employee work-product specifically exempted under Rule 16. Fed. R. Crim. P. 16(a)(2). Even though the line sheets are not subject to discovery, the United States has agreed to produce the line sheets (as it has done with the other 25 defendants) in order to assist the defendants in reviewing the intercepts; however, a stipulation is required regarding the use of the line sheets. That stipulation merely prevents the defendants from using the line sheets for any improper purpose, such as the impeachment of the United States' witnesses or as trial and/or motion exhibits. That stipulation does not

prevent the defendants from using the line sheets to locate telephone calls involving their clients or locating calls dealing with certain subjects.

Here, defendants argue that the wiretap line sheets are "material" to the defense and required under Rule 16. But defendants spend much of their argument focused on the potential for *Brady* material within the line sheets. These are two separate issues. First, the defendants wrongly equate "ease" of preparing their defense with "material" to preparing their defense. That is, the defendants contend, without citing any controlling legal authority, that merely because access to the line sheets would make it easier to prepare the defense, they fall within the meaning of Rule 16. The wiretap line sheets fall squarely within the discovery exemption under Rule 16(a)(2).

Second, setting aside the purely speculative nature of the defendants' *Brady* claim, the United States has always maintained, and continues to do so, that it will fully comply with its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). The United States recognizes that its obligation under *Brady* covers not only exculpatory evidence, but also evidence that could be used to impeach witnesses who testify on behalf of the United States. *See Giglio*, 405 U.S. at 154; *see also United States v. Bagley*, 473 U.S. 667, 676-77 (1985). But, the defendants' argument that the line sheets, and not the actual intercepted calls, may constitute *Brady* material is not only wholly speculative, it's misplaced.

The wiretap line sheets are government employee work-product pursuant to Rule 16(a)(2) and not subject to discovery.

//
//
//
//
//

## IV

## **CONCLUSION**

The United States respectfully requests that the Court deny the Defendants' Motion to Compel [Docket No. 383] and grant the United States' Motion for Protective Order [Docket No. 328].

DATED:    April 11, 2016            Respectfully submitted,

                                    LAURA E. DUFFY
                                    United States Attorney

                                    *s/ Ryan A. Sausedo*
                                    RYAN A. SAUSEDO
                                    Assistant U. S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16cr2932-H |
| Plaintiff, | |
| vs. | Certificate of Service |
| DAVID STROJ, et. al. | |
| Defendants. | |

IT IS HEREBY CERTIFIED THAT:

I, RYAN A. SAUSEDO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of ***United States' Response and Opposition to Defendant's Motion to Compel Discovery*** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 11, 2016.

*s/ Ryan A. Sausedo*
RYAN A. SAUSEDO
Assistant U.S. Attorney